IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH R. STEWART,

      Petitioner,

v.                                    CASE NO. 3:17-cv-585-LC-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

      Respondent.

_____/

## **REPORT AND RECOMMENDATION**

      This case is before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, arising from his conviction for driving under the influence ("DUI") manslaughter, DUI with serious bodily injury, and leaving the scene of an accident with property damage. (ECF No. 1.) Respondent filed a response with relevant portions of the state-court record, arguing that the Petition should be denied. (ECF No. 11.) The Petitioner did not file a reply brief and the time for doing so has expired. The Petition is otherwise ripe for review. Upon due consideration of the Petition, the response, and the state-court record, the undersigned

recommends that the Petition should be denied.[1]

## State-Court Proceedings

Petitioner was arrested on April 1, 2009, after fleeing from the scene of a vehicle accident and then getting into a second accident that caused the death of the driver of the other car and critical injuries to the other passengers of that car. (ECF No. 11-1 at 20–21.) Petitioner was charged by second amended information on December 3, 2009, with one count DUI manslaughter, two counts of DUI with serious bodily injury, one count of leaving the scene of a crash involving property damage, and DUI damage to property or person without serious injury. (*Id.* At 96–98.)

That same day, Petitioner filed a motion in limine to exclude evidence of the initial accident at trial, arguing the accidents were of such distance in both time and place that the first accident was not relevant to whether he caused the second accident. (*Id.* at 92–94.) Petitioner also argued that evidence of the first accident would be more prejudicial than probative because the facts were not so inextricably intertwined that they were necessary for the state to prosecute its case. (*Id.*). The trial court denied

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

the motion at a hearing on April 9, 2010, however, finding that any

prejudice in admitting the evidence did not outweigh its probative value.

(ECF No. 11-3 at 47–73.)

At a hearing on April 9, 2010, the prosecutor and Petitioner's counsel

("Counsel") argued the motion. (ECF No. 11-3 at 47–73.) The trial court

denied the motion, finding prejudice in admitting evidence did not outweigh

the probative value. (*Id.* at 73).

During the hearing, Petitioner also entered a no contest plea to count

four: DUI damage to property or person not causing serious injury. (*Id.* at

39–45.)

Petitioner proceeded to jury trial, and on April 26, 2010, the jury

found Petitioner guilty as charged. (ECF No. 11-1 at 101–102.) Petitioner

was sentenced to fifteen years on count one (DUI manslaughter), five

years on count two (DUI with serious bodily injury), to be served

consecutive to the sentence for count one, and three years (DUI with

seriously bodily injury), to be served consecutive to the sentence in count

one, and time-served on count four (leaving the scene of an accident with

property damage. (ECF No. 11-2 at 75–82.) The State *nolle prossed* count

five (DUI damage to property or person without serious injury). (*Id.*)

Petitioner thereafter filed a notice of appeal to the First District Court of Appeals ("First DCA"). (ECF No. 11-3 at 3). In his initial brief on direct appeal Petitioner, through counsel, argued that the trial court committed reversible error in admitting evidence of the collateral crime of the leaving the scene of the first accident. (ECF No. 11-6 at 2–33.) The First DCA per curium affirmed without opinion on February 3, 2012, and the mandate followed on February 22, 2012. (*Id.* at 102.)

On February 25, 2013, Petitioner filed a *pro se* motion for postconviction relief arguing he received ineffective assistance of trial counsel. (ECF No. 11-7 at 12–33.) Petitioner thereafter filed an amended motion for postconviction relief, raising three grounds of ineffective assistance of counsel. (*Id.* at 104–07; 111–207.) The circuit court summarily denied the motion on July 17, 2013. (ECF No. 11-8 at 4–11.)

Petitioner thereafter appealed to the First DCA. (*Id.* at 78–79; 82–203.) The First DCA affirmed in part and reversed and remanded in part for an evidentiary hearing as to grounds one and three of Petitioner's amended motion for postconviction relief. (ECF No. 11-9 at 11–13.)

On remand, the circuit court held an evidentiary hearing on August 4, 2015. (ECF No. 11-10 at 68–129.) Then on February 3, 2016, the circuit

4

court issued an order denying grounds one and three of Petitioner's amended motion for postconviction relief. (*Id.* at 28–38.) Petitioner appealed, but the First DCA per curiam affirmed without written opinion on May 22, 2017. (ECF No. 11-11 at 25.) The mandate followed on June 19, 2017. (*Id.* at 26.)

Petitioner then filed his Petition in this Court on August 14, 2017. (ECF No. 1.)

## Section 2254 Standard of Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

(quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); *see also* § 2254(e)(1).

6

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of §

2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404–06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*, 529 U.S. at 362). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412–13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

      In *Gill*, the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the

"unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. 633 F.3d at 1288 (citing *Harrington v. Richter*, 526 U.S. 86 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S. Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir. 2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of

the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action

that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216

(11th Cir. 2001) (emphasis omitted). "The relevant question is not whether

counsel's choices were strategic, but whether they were reasonable." *Roe*

*v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules"

for determining whether counsel's actions were indeed reasonable, as

"[a]bsolute rules would interfere with counsel's independence—which is

also constitutionally protected—and would restrict the wide latitude counsel

have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244

(11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not

attempt to divine the lawyer's mental processes underlying the strategy."

*Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en

banc). "No lawyer can be expected to have considered all of the ways [to

provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some
> other reasonable courses of defense (that the lawyer did not
> think of at all) existed and that the lawyer's pursuit of course A
> was not a deliberate choice between course A, course B, and
> so on.  The lawyer's strategy was course A.  And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was

denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in

13

state court is found to merit relief in a federal habeas proceeding.

## DISCUSSION

***Ground One: The state trial court did not err in admitting evidence of the collateral crime of leaving the scene of the first accident and therefore did not deny Petitioner rights under the Fifth, Sixth, and Fourteenth Amendments.***

Petitioner argues in ground one that the trial court erred in admitting evidence of the first accident. Petitioner contends the State referenced the first accident numerous times during the trial and it became a major feature of the case, despite the trial court ruling that the initial accident would not be a feature of the trial. Petitioner says evidence of the first trial proved to be prejudicial to the outcome of his trial and thus it was fundamental error to admit the evidence.

Respondent argues, however, that ground one is unexhausted and procedurally defaulted.

The Court agrees that this claim is unexhausted. Petitioner raised a similar claim on direct appeal, arguing that the trial court committed reversible error in admitting evidence of the collateral crime of the first accident. (ECF No. 11-6 at 27–33.) Notably that claim, however, rested entirely upon state law. (*Id.*) Petitioner did not argue that the trial court's error violated federal law or violated his constitutional rights as he argues

14

here. (*Id.*)

The State's response also rested upon state law. (ECF No. 11-6 at 67–92.)[2] Accordingly, the First DCA considered whether the admission of evidence resulted in reversible error, not whether the admission of evidence violated Petitioner's constitutional rights. Ground one is therefore unexhausted.

Ground one is also procedurally defaulted because Petitioner cannot file a second direct appeal or a state petition for writ of habeas corpus at this juncture.

A procedurally defaulted claim like Petitioner's is precluded from federal habeas relief except in two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008)*.* Cause "must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). If a petitioner fails to

---

[2] Although the state referenced *Chapman v. California,* 386 U.S. 18, 22 (1967), in its response, the reference was limited to a quotation from a state case—*State v. DiGuilo*, 491 So. 2d 1129 (Fla. 1986)—discussing the harmless error test that "places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or alternatively stated, that there is no reasonable probability that error contributed to the conviction." (ECF No. 11-6 at 90.) The mere reference to *Chapman* without more does not suggest that the State or First DCA considered Petitioner's claim as a federal one.

show cause, the court need not consider whether prejudice exists.
*McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Second, the petitioner may show that enforcing the procedural
default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d
at 1190. To show a fundamental miscarriage of justice, the petitioner must
show that in light of new evidence, no reasonable juror would have
convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner fails to show either cause or prejudice or a fundamental
miscarriage of justice. Petitioner provides no any explanation for his failure
to present this claim as a federal one in state court. Notably, Petitioner did
not file a reply brief addressing Respondent's assertion that ground one is
unexhausted and procedurally defaulted. Ground one does not involve
newly discovered evidence upon which no reasonable juror would have
convicted Petitioner. Accordingly, Petitioner's procedural default on ground
one cannot be excused,

Even assuming ground one was properly exhausted (which is was
not) it is nevertheless without merit. To the extent Petitioner is challenging
the trial court's evidentiary ruling that allowed the State to admit evidence
of the initial accident, a state trial court's evidentiary rulings do not provide

a basis for federal habeas relief absent a showing that the ruling affected the fundamental fairness of the trial. *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998). A petitioner must show that the ruling was more than merely erroneous; it must have had "'[a] substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Petitioner cannot demonstrate that the trial court's evidentiary ruling had a substantial and injurious effect or influence in determining the jury's verdict because there was other evidence upon which the jury could find Petitioner guilty.

Under Florida law, a person commits DUI manslaughter when he or she operates a vehicle under the influence, and who, by reason of such operation, ." Fla. Stat. 316193(3) (2009). Petitioner stipulated that he was driving under the influence with an unlawful alcohol level. (ECF No. 11-3 at 95.)  Accordingly, the jury only had to determine whether Petitioner caused or contributed to the car accident which caused the death of the victim in the second accident. *Id.*

At trial the traffic homicide investigator testified that his investigation revealed Petitioner used his brakes just before the second accident and

then slid into another lane, and hit the victims' car. (ECF No. 11-4 at 54–55, 58.) The investigator also testified that he determined Petitioner caused the second accident based on Petitioner's speed and evidence at the scene. (*Id.* at 53.)  The defense's expert witness also testified that Petitioner's speed contributed to the crash. (*Id.* at 287.) Thus, based on this evidence alone, the jury could have found that Petitioner contributed to the crash which caused the death of the victim.

Accordingly, Petitioner cannot demonstrate that the admission of evidence pertaining to the first accident had a substantial and injurious effect or influence in determining the jury's verdict. Ground one should therefore be denied.

### Ground Two: Appellate counsel did not render ineffective assistance of counsel by failing to argue on direct appeal that the trial court abused its discretion in allowing inadmissible testimony from the victim.

Petitioner argues in ground two that appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the trial court abused its discretion in allowing the victim to testify. (ECF No. 1 at 9.)

Ground two, however, is unexhausted and procedurally defaulted.

Petitioner represents in his Petition that he raised this claim in a state habeas petition under Fla. R. App. P. 9.141 in the First DCA. Respondent

asserts, however, that the Florida Office of Attorney General never received a state habeas petition and the First DCA's online docket confirms that Petitioner did not file a state habeas petition. (ECF No. 11 at 27.) The record in this case is devoid of a state habeas petition and Petitioner did not file a reply contesting the issue. Petitioner also did not raise this claim on direct appeal or in his amended motion for postconviction relief. Accordingly, based on the record before this Court, ground two is unexhausted. Ground two is also procedurally defaulted because Petitioner cannot return to state court at this juncture to exhaust this claim.

Moreover, Petitioner's procedural default cannot be excused. Petitioner has not shown the requisite cause and prejudice for failing to present this claim to a state court. Notably, Petitioner offers no explanation for failing to present this claim and does not challenge Respondent's assertion that he did not file a state habeas petition in the First DCA.

Petitioner also has not shown that enforcing the procedural default would result in a fundamental miscarriage of justice because Petitioner's claim is not based upon newly discovered evidence. Ground two should therefore be denied as unexhausted and procedurally defaulted.

***Ground Three: Trial counsel did not render ineffective assistance by not presenting a reasonable theory of defense and by advising petitioner to proceed to trial.***

Petitioner argues in ground three that counsel provided ineffective assistance by conceding to all elements of DUI manslaughter at trial except causation, thus leaving no reasonable theory of defense. (ECF No. 1 at 11.) Petitioner also contends counsel rendered ineffective assistance by advising Petitioner to proceed to trial without a reasonable theory of defense.

Petitioner raised this claim in ground one of his amended motion for postconviction relief. (ECF No. 11-7 at 116.) The circuit court denied the claim on the merits, however, finding that counsel had a reasonable theory of defense when he advised Petitioner to go to trial, believing that their expert witness would testify that the victim was the sole cause of the crash. (ECF No. 11-10 at 28–38.) The circuit court noted that counsel testified at the evidentiary hearing that he would not have advised Petitioner to go to trial had he known the expert witness would testify inconsistently. (*Id.* at 34.) The circuit court determined that counsel proceeded based on the information available to him at the time and was therefore not deficient. (*Id.*) The circuit court also found counsel never advised Petitioner to turn

down a plea offer because no plea had been offered in the case. (*Id.* at 33.) The circuit court found Petitioner failed to show deficient performance under the *Strickland* standard. (*Id.*) The First DCA subsequently per curiam affirmed without written opinion. (ECF No. 11-11 at 25.)

Petitioner has not shown that the state court's determination was contrary to, or involved in an unreasonable application of, clearly established Federal law.

It is well settled that in reviewing counsel's performance, courts should make every effort to eliminate effects of hindsight and evaluate the conduct from counsel's perspective. *Strickland,* 466 U.S. at 689. In this case, trial counsel's theory was that Petitioner could have avoided the accident, despite his speed, but for the victim's driving error and that the victim was therefore the sole cause of the crash. (ECF No. 11-10 at 36.) At the time, counsel thought the defenses's expert witness would testify that the victim was the sole cause of the crash. (*Id.* at 34.) Moreover, the state had not made a plea offer. (*Id.* at 33.) Based upon counsel's knowledge at the time, his theory of defense and advice to proceed to trial was not unreasonable. Petitioner has therefore failed to show that counsel rendered deficient performance. Petitioner also could not have been

prejudiced absent deficient performance. Accordingly, ground three should be denied.

***Ground Four: Trial counsel did not render ineffective assistance of counsel by stipulating to all but element of the offense.***

In ground four, Petitioner claims trial counsel effectively conceded Petitioner's guilt of DUI manslaughter by stipulating to all but one element of the offense, and by then presenting an expert witness who testified Petitioner contributed to the crash, which satisfied the only remaining element. (ECF No. 1 at 16.)

Petitioner raised this claim in ground three of his amended motion for post conviction relief. (ECF No. 11-7 at 125.) Following the evidentiary hearing, the circuit court found counsel's theory of defense—stipulating to all but one element of DUI manslaughter to gain credibility with the jury and demonstrating that the victim was the sole cause of the crash—was well-reasoned based on the information available to him at the time. (ECF No. 11-10 at 36.)

The circuit court also noted counsel did not concede to the only remaining element—that Petitioner caused or contributed to causing the victim's death—by introducing evidence of Petitioner's speed because "[a]s detailed at the evidentiary hearing, counsel's theory was that Defendant's

speed actually meant Defendant could have avoided the accident but for the victim's driving errors." (*Id.*) The court determined neither counsel nor Petitioner knew the expert witness would testify that Petitioner's speed contributed to the crash. (*Id.* at 37.) Thus, the circuit court concluded that counsel was not deficient under *Strickland*. (*Id.*) The First DCA per curium affirmed without written opinion. (ECF No. 11-11 at 25.)

Petitioner has not demonstrated that the state court's decision was contrary to or an unreasonable application of clearly established federal law. As the state court found, Petitioner cannot demonstrate that counsel rendered deficient performance because counsel thought, prior to trial, that Petitioner's speed did not contribute to the crash. Counsel was unaware that the expert witness would testify that Petitioner's speed did actually contribute to the crash. Based upon the information known to counsel at the time, his strategy to concede to all elements but causation was not unreasonable. Thus, Petitioner has failed to demonstrate that the state court's decision was contrary to or an unreasonable application of *Strickland.* Petitioner, therefore, is not entitled to federal habeas relief on ground four.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the

Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a

State Court Judgment, ECF No. 1, should be **DENIED**, and that a

certificate of appealability should be **DENIED**.

      **DONE AND ORDERED** this 2nd day of July 2018.

           *s/Gary R. Jones*

           GARY R. JONES
           United States Magistrate Judge


## NOTICE TO THE PARTIES

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.